# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RENALDO HAMM,**

    Plaintiff,

vs.

**DEPUTY DEDE, # 1484,**

    Defendant.

Case No. 2:19-cv-03643

Judge Sarah D. Morrison

Chief Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Plaintiff, Renaldo Hamm, a state inmate who is proceeding without the assistance of counsel, brought this action against a deputy at the Franklin County Correctional Institution, who Plaintiff refers to as Deputy Dede, # 1484. (ECF No. 1.) On October 11, 2019, Plaintiff was granted leave to proceed *in forma pauperis* in this action. (ECF No. 12.) On November 13, 2019, the Court concluded that Plaintiff's claims under 42 U.S.C. § 1983 for alleged excessive force could proceed. (ECF No. 15.) The Court advised Plaintiff in that Order that Defendant needed to be served with process within 90 days of the filing of the Complaint pursuant to Federal Rule of Civil Procedure 4(m).[1] (*Id.*, advising further that failure to effect service could

---

[1] Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

result in the recommendation that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).)

To date, Plaintiff has not effected service of process as required by Fed. R. Civ. P. 4(m) over Defendant Deputy Dede, # 1484. On December 16, 2019, the Court ordered Plaintiff to show cause within thirty days why the Court should not dismiss Plaintiff's claims without prejudice and why the Court should allow an extension of time to effect service. (ECF No. 16, advising that failure to respond to the Order would result in the recommendation that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).) To date, Plaintiff has not responded to the Court's Show Cause Order. It is therefore **RECOMMENDED** that the Court dismiss this action without prejudice pursuant to Rule 4(m) for failure to timely effect service of process.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

|  |  |
|---|---|
| **DATED: January 24, 2019** | */s/ Elizabeth A. Preston Deavers*<br>**ELIZABETH A. PRESTON DEAVERS**<br>**CHIEF UNITED STATES MAGISTRATE JUDGE** |